UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 10-CV-00917 (JFB) (ETB)
_____

JP MORGAN CHASE BANK, N.A,

Plaintiff,

VERSUS

HUNTER GROUP, INC. AND MICHAEL C. SECONDO,

Defendants.

_____

**MEMORANDUM AND ORDER**
December 20, 2010
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff JPMorgan Chase, N.A. ("Chase" or "plaintiff") commenced this action on December 14, 2009, in the Supreme Court of the State of New York, Nassau County, against defendants Hunter Group, Inc. ("Hunter") and Michael C. Secondo ("Secondo") for failing to pay owed sums pursuant to contracts to which the parties were subject and for attorney's fees in accordance with those agreements. On February 17, 2010, defendants filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441, premised on federal question and diversity jurisdiction. On March 26, 2010, plaintiff filed a motion to remand to state court on the basis that this Court lacks subject matter jurisdiction over this action. Defendants objected and cross-moved, requesting that this action be transferred to the Southern District of New York and that they be given leave to file a third-party complaint.

For the reasons that follow, the Court concludes that defendants have failed to sustain their burden of demonstrating a basis for federal jurisdiction in this case. Accordingly, plaintiff's motion to remand is granted. Defendants' cross-motion is denied as moot.

I. FACTUAL BACKGROUND

On December 14, 2009, plaintiff filed this lawsuit against Hunter and Secondo in the Supreme Court of the State of New York, Nassau County. Chase's main office is located in Columbus, Ohio, and its principal office is in New York County. (Notice of Removal and Petition for Acceptance of Related Case ("Notice of Removal") ¶ 23;

Compl. ¶ 1.) Hunter was Secondo's wholly-owned corporation that was dissolved in 2008, but exists for purposes of winding up its affairs. (Notice of Removal ¶¶ 24, 27, Ex. 7.) Hunter was a corporation organized under the laws of the State of Delaware with its sole place of business in the State of New York. (Compl. ¶ 2; Notice of Removal ¶¶ 24, 34, Ex. 7.) Secondo is a resident of New York County where his home is located. (Compl. ¶ 3; Removal Notice ¶ 34.) Secondo admits to being a citizen of the State of New York. (Defs.' Hunter Group, Inc. and Michael C. Secondo Mem. of Law in Opp. to Pl.'s Mot. to Remand and in Support of Cross-Mot. for Leave to File a Third-Party Compl. and Transfer ("Defs. Mem.") 6.)

According to the complaint, on or about June 14, 2007, Hunter signed and turned over to plaintiff a promissory note ("Note") in which Hunter promised to repay a loan for a principal amount of $100,000 in addition to interest to be calculated in accordance with the terms of the Note. (Compl. ¶ 5.) The complaint also alleges that on the same day Secondo executed and delivered a note of personal guarantee ("Guarantee") in which he agreed to be personally responsible in the event Hunter failed to pay under the Note. (Compl. ¶ 10.) The complaint asserts that, since August 12, 2009, Hunter failed to pay installments in accordance with the payment schedule outlined in the Note. (Compl. ¶ 7.) It further alleges that Secondo similarly failed to pay plaintiff in accordance with the terms of the Guarantee after Hunter defaulted on its debt. (Compl. ¶ 12.)

## II. PROCEDURAL BACKGROUND

On December 14, 2009, plaintiff commenced this lawsuit against defendants in the Supreme Court of the State of New York, Nassau County, alleging breach of contract and demanding attorney's fees in accordance with contractual terms. On January 7, 2010, defendants filed a notice of removal in the Southern District of New York but the Clerk of Court transferred the action to this Court. The notice of removal was filed in this Court on February 17, 2010. On March 8, 2010, plaintiff objected to removal and requested that the Court set a briefing schedule for its motion to remand. On March 26, 2010, plaintiff filed the instant motion to remand the action to state court, arguing that this Court lacked subject matter jurisdiction. On April 21, 2010, defendants filed a response opposing plaintiff's motion to remand and cross-moved requesting to file a third-party complaint and that the case be transferred to the Southern District of New York. On April 28, 2010, plaintiff filed its reply. On May 5, 2010, defendants filed a reply on the cross-motion. The Court has fully considered the submissions of the parties.

## III. DISCUSSION

A. Legal Standard: Motion to Remand

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig*., No. 1:00-CV-1898, MDL 1358 (SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v.*

*Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (internal quotation marks omitted)). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)); *accord Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006).

Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As such, "any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)) (internal quotation marks omitted).

## B. Federal Question Jurisdiction

The Court will first address defendants' invocation of federal question jurisdiction in this case. Specifically, the notice of removal asserts that "[t]he claims in the [instant] [a]ction are exclusively governed by federal law" because plaintiff is a "top ranked" Small Business Administration ("SBA") Lender and as a result, the "[l]oan in the [instant] action must be construed under federal law." (Notice of Removal ¶¶ 13-15.)

A case may be filed in federal court "'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1331. A well-pleaded complaint may raise a federal question either by (1) asserting a federal cause of action, or (2) presenting state claims that "'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "Ordinarily, a plaintiff is master of his complaint and may elect to proceed solely under state law even if federal remedies are available." *In re "Agent Orange" Product Liab. Litig.*, 996 F.2d 1425, 1430 (2d Cir. 1993) (citing *Caterpillar*, 482 U.S. at 392; *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)), *overruled in part on other grounds by Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002). Accordingly, "[a] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc.*, 482 U.S. at 399 (emphasis in original). Moreover, the Second Circuit has acknowledged that, while exceptions to the "well-pleaded complaint rule" exist, such exceptions are narrowly limited, on the basis that "state and federal laws have many overlapping or even identical remedies" and because courts generally

3

"respect a plaintiff's choice between state and federal forums." *In re "Agent Orange" Product Liab. Litig.*, 996 F.2d at 1430-31. The complete preemption doctrine, an "independent corollary" to the well-pleaded complaint rule, *Caterpillar Inc.*, 482 U.S. at 393, can "convert[ ] an ordinary state common law complaint into one stating a federal claim[,]" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987), but no such preemption is argued to apply to this case.

In this case, defendants attempts to invoke the Court's federal question jurisdiction by alleging that the Small Business Act applies to plaintiff's claims. (Notice of Removal ¶¶ 9-21.) In response, plaintiff argues that no question of federal law arises because only New York contract law is needed to address the claims in the complaint. (Mem. of Law in Support of Pl.'s Mot. to Remand Pursuant to 28 U.S.C. § 1447(c) ("Pl.'s Mem.") 8-9.) Plaintiff's position is correct. Defendants' argument that the Small Business Act applies to the instant action is hinged upon a loan that was issued to Hunter Delivery Systems, Inc. ("HDS"), a company distinct from defendant Hunter, by HSBC Bank USA, N.A. ("HSBC"). (Notice of Removal ¶ 9; Verified Answer ¶ 40.) The SBA guaranteed 50% of the loan ("SBA loan") pursuant to the Small Business Act. (Notice of Removal ¶ 9; Verified Answer ¶ 40.) Plaintiff had nothing to do with that loan. (Notice of Removal ¶¶ 9-12; Affirmation in Supp. of Cross-Mot. for Leave to File a Third-Party Compl. and Transfer Ex. 14 (General Security Agreement between HSBC and HDS for the SBA loan); *Id*. Ex. 16 (letter to HSBC and the SBA from defendant Secondo regarding the SBA loan).) Defendants attempt to invoke the Small Business Act against plaintiff by stating that plaintiff, like HSBC, seeks "to recover damages under agreements secured by the same property" as the SBA loan. (Notice of Removal ¶ 12.) That does not change the fact that the Note and the Guarantee have nothing to do with the SBA loan. Plaintiff's claims are for breach of contract governed by state law, not federal law.[1]

In sum, the Court concludes that the complaint does not assert a federal cause of action, nor is federal law implicated by plaintiff's claims, which are grounded purely in state law. Moreover, as noted above, counterclaims cannot form the basis for federal jurisdiction. In short, there is simply no basis for federal question jurisdiction in this case.

---

[1] Defendants make several other arguments for why federal question jurisdiction exists in this case. Specifically, they point to 28 U.S.C. § 1343(a)(2) and 28 U.S.C. § 1338(a). The defendants' arguments are without merit. With respect to § 1338(a), which grants federal courts original jurisdiction over patent disputes, plaintiff's claims are grounded in breach of contract and the resolution of these claims does not require determining patent rights or applying patent law. With respect to § 1343(a)(2), which grants federal courts original jurisdiction over civil suits to "recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent[,]" this Court cannot exercise jurisdiction based on counterclaims that plaintiff was part of a conspiracy to interfere with defendants' civil rights in violation of 42 U.S.C. §§ 1985(2), 1986. (Notice of Removal ¶¶ 49-106; Verified Answer ¶¶ 65-115.) Such counterclaims cannot be the basis for the exercise of federal jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

## C. Diversity Jurisdiction

It is axiomatic that federal courts only have diversity jurisdiction when there is complete diversity between the parties—that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 (2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). In addition, in order for there to be diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In cases where a defendant is seeking to remove an action from state court based on diversity jurisdiction, diversity is determined at both the time of removal and when the state court action was filed. *See Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570-71 (2004); *CenterMark Prop. Meriden Square, Inc.*, 30 F.3d at 301.

However, even where complete diversity exists and the amount in controversy requirement is satisfied, defendants cannot remove the action to federal court, pursuant to 28 U.S.C. § 1441(b), where at least one defendant is a citizen of the State in which the state court proceeding was brought. Specifically, Section 1441(b) states that an action based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Supreme Court has restated this rule as follows: defendants "may remove the action to federal court provided that no defendant is a citizen of the State in which such action is brought." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citation and quotations omitted), *superseded by statute on other grounds*, amended 28 U.S.C. § 1332(d)(6) (2005) (pertaining to class actions). *See also Handelsman v. Bedford Village Associates Ltd.*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) (noting that defendant Korman "was a citizen of New York" and was thus "not entitled to remove to federal court" from New York state court pursuant to § 1441(b) but that plaintiff waived "his right to object to this procedural defect" by failing to raise it within thirty days of removal); *Woodward v. P.H. Overmeyer Co.*, 428 F.2d 880, 882 (2d Cir. 1970) ("[T]he action should . . . have been remanded" because defendant was a citizen of New York had plaintiff not waived his § 1441(b) argument by first raising it on appeal.).

Applying this rule to the instant case, this Court cannot exercise diversity jurisdiction over this dispute. Secondo has admitted to being a citizen of New York. (Defs. Mem. 6 ("I am a citizen of New York.").) Consequently, defendants cannot remove this action. A party must object to removal "within 30 days after the filing of the notice of removal" solely when the objections to remand are not based on subject matter jurisdiction. 28 U.S.C. § 1447(c). As noted above, objections under § 1441(b) have been deemed procedural. To the extent defendants attempt to argue that plaintiff did not raise the § 1441(b) argument within 30 days of defendants' filing their notice of removal, that argument is unavailing. Plaintiff raised the § 1441(b) argument in a March 8, 2010 letter to this Court requesting that a briefing schedule be set for its motion to remand. That is within the thirty day limit since the notice of removal was filed before this Court on February 17, 2010.[2]

---

[2] Although defendants argue that the notice of removal was filed on January 7, 2010, that notice of removal was incorrectly filed in the United States District Court for the Southern District of

5

In sum, because defendant Secondo has admitted that he is a citizen of the State of New York and plaintiff filed a timely objection pursuant to § 1441(b), removal based upon diversity of citizenship is not appropriate.[3]

IV. CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1447(c), plaintiff's motion to remand for lack of federal subject matter jurisdiction is granted. The defendants' cross-motion is denied as moot. The action is hereby remanded to the Supreme Court of the State of New York, Nassau County.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 20, 2010
Central Islip, New York

\* \* \*

The attorneys for plaintiff are Matthew G. Roseman and Nathan G. Prystowsky, 100 Quentin Roosevelt Boulevard, Garden City, New York 11530. The attorney for defendants is Michael C. Secondo, *Pro Se*, 245 East 63 St., #29B, New York, NY 10065.

---

New York. Obviously, given that the state action was commenced in New York State Supreme Court, Nassau County, removal could only occur to the United States District Court for the Eastern District of New York. The notice of removal was not filed in the Eastern District of New York until February 17, 2010. Thus, the operative date for purposes of 28 U.S.C. § 1447(c) is February 17, 2010, when the notice of removal was properly filed by defendants in this Court.

[3] Defendants also argue that they were not properly served. Similarly, plaintiff argues that defendants consented to jurisdiction of the Supreme Court of the State of New York, Nassau County. However, because the Court lacks subject matter jurisdiction, the Court need not address these arguments. Moreover, given that remand is required, defendants' cross-motion for leave to file a third-party complaint and transfer venue to the Southern District of New York is denied as moot.